EUGENE J. EGAN (State Bar No. 130108)
WILLIAM L. BOWEN (State Bar No. 229938)
MANNING & MARDER
KASS, ELLROD, RAMIREZ LLP
15th Floor at 801 Tower
801 South Figueroa Street
Los Angeles, CA 90017
Telephone: (213) 624-6900
Facsimile: (213) 624-6999
Email: EJE@MMKER.COM, WLB@MMKER.COM

Attorneys for Defendants
TARGET NATIONAL BANK

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENNY LOKELANI WILHELM,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>TARGET NATIONAL BANK<br><br>　　　　　Defendant. | Case No.: EDCV08-0854 SGL (JTLx)<br><br>1.　**ANSWER**<br>2.　**DEMAND FOR JURY TRIAL**<br><br>Complaint Filed:　6/25/08 |

To:　Plaintiff Penny Lokelani Wilhelm and her attorneys, Tammy Hussin, Weisberg & Meyers LLC, 6455 Pyrus Place, Carlsbad, CA 92011; and Larry P. Smith, Larry P. Smith & Associates, Ltd., 40th Floor, 205 North Michigan Avenue, Chicago, IL 60601.

## GENERAL DENIAL

Defendant Target National Bank, for its answer to the Complaint (filed June 25, 2008), denies every averment except as this pleading admits, qualifies, or otherwise answers.

## Defendant's Name

For this pleading's purposes, "Target" means Defendant Target National Bank.

## GENERAL DEFENSE

### I. Preliminary Statement

¶ 1

*Averment:* This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. § 1681 *et seq., as amended.*

*Answer:* Target admits that this action seeks damages as mentioned, but denies any liability with respect to the purported claims mentioned in paragraph 1. This paragraph otherwise contains no factual averment to which a responsive pleading is required.

### II. Jurisdiction and Venue

¶ 2

*Averment:* Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §§ 1331, 1337. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

*Answer:* Target admits the averments in paragraph 2.

### III. Parties

¶ 3

*Averment:* Plaintiff, PENNY LOKELANI WILHELM, is an adult individual and citizen of the State of California.

*Answer:* Target admits the averments in paragraph 3.

¶ 4

*Averment:* Defendant, TARGET NATIONAL BANK, is a business entity that regularly conducts business in the State of California, and is a corporation whose principal place of business is located in the State of Minnesota.

*Answer:* Target denies the averments in paragraph 4, except admits that it "regularly conducts business in the State of California," and affirmatively avers that it is a national banking association.

¶ 5

*Averment:* Defendant has been providing derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to various credit reporting agencies. Defendant is aware that the credit reporting agencies to which it is providing this information are going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment.

*Answer:* Target denies the averments in paragraph 5, and particularly denies that it "has been providing derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history."

¶ 6

*Averment:* The inaccurate information of which Plaintiff complains is an account, or trade-line, that reflects Plaintiff's history of credit with the Defendant. Specifically, the Plaintiff asserts that the account does not belong to her but belongs to her daughter. Plaintiff is neither a joint account holder nor authorized user on the account, and has never agreed to the opening of this particular account. Despite providing Defendant with notice to the contrary, Defendant has disseminated information that the account is accurately reported as belonging to both Plaintiff and her daughter Krysty Werner and is reported as past due and charged off in the amount of $13,259.

*Answer:* Target denies the averments in paragraph 6, and affirmatively avers that the Plaintiff and her daughter Krysty Werner jointly applied for and opened the subject account, as more fully appears below in the third defense (joint account).

¶ 7

*Averment:* The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

*Answer:* Target denies that it reported any "inaccurate" information. Target otherwise lacks knowledge or information sufficient to form a belief about the truth of the averments in paragraph 7.

¶ 8

*Averment:* The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

*Answer:* Target lacks knowledge or information sufficient to form a belief about the truth of the averments in paragraph 8.

¶ 9

*Averment:* In February of 2008, Plaintiff disputed the inaccurate information with the credit reporting agencies by written communication to its representatives and by following the aforementioned reporting agency's established procedure for disputing consumer credit information.

*Answer:* The averments in paragraph 9 are so vague and ambiguous, particularly in that Target cannot tell whether they refer to a single reporting agency or to multiple reporting agencies, that Target cannot reasonably prepare a response. Target admits that the Plaintiff gave notice to at least one consumer reporting agency of a dispute with regard to information that Target furnished, but Target denies that any such information was "inaccurate."

¶ 10

*Averment:* Upon information and belief, within five (5) days of Plaintiff notifying the aforementioned credit reporting agency, said agency notified Defendant of Plaintiff's dispute and the nature of the dispute.

*Answer:* Target lacks knowledge or information sufficient to form a belief about the truth of the averments in paragraph 10.

¶ 11

*Averment:* Defendant then and there owed to Plaintiff a duty to assist the credit reporting agency in a re-investigation into the disputed facts that are being reported about Plaintiff.

*Answer:* For its answer to the averments in paragraph 11, Target states that the Fair Credit Reporting Act prescribed its duties, and denies paragraph 11's averments to the extent that they imply any other duty.

¶ 12

*Averment:* Notwithstanding Plaintiff's efforts and Defendant's duties, Defendant continued publishing the inaccurate information and Defendant continued to publish and disseminate such inaccurate information to other credit reporting agencies.

*Answer:* Target denies the averments in paragraph 12.

¶ 13

*Averment:* Despite Plaintiff's efforts to date, Defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, has failed to note the disputed status of the inaccurate information and has continued to report the derogatory inaccurate information about Plaintiff.

*Answer:* Target denies the averments in paragraph 13.

¶ 14

*Averment:* Plaintiff has been damaged, and continues to be damaged, in the following ways:
   a.  Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;
   b.  Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;
   c.  Decreased credit score which may result in inability to obtain credit on future attempts.

*Answer:* Target denies the averments in paragraph 14.

¶ 15

*Averment:* At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

*Answer:* The averments in paragraph 15 are so vague and ambiguous,

particularly in that Target cannot tell what conduct or alleged conduct they refer to, that Target cannot reasonably prepare a response.

¶ 16

*Averment:* At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

*Answer:* Target denies the averments in paragraph 16.

### IV. Allegations

### Count One
### Violations of FCRA v. Target National Bank

¶ 17

*Averment:* Plaintiff re-alleges and incorporates paragraphs 1–16 as if fully set forth herein.

*Answer:* For its answer to the averments in paragraph 17, Target adopts by reference its statements in answer to the averments therein referenced and adopted.

¶ 18

*Averment:* At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

*Answer:* Target admits the averments in paragraph 18.

¶ 19

*Averment:* At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

*Answer:* Target admits the averments in paragraph 19.

¶ 20

*Averment:* At all times pertinent hereto, this Defendant was a "person" as that term defined by 15 U.S.C. § 1681a(b).

*Answer:* Target admits the averments in paragraph 20.

¶ 21

*Averment:* This Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(b):
   (a)   willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;
   (b)   willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to this Defendant;
   (c)   willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;
   (d)   willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;
   (e)   willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate;
   (f)   willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

*Answer:* Target denies the averments in paragraph 21.

¶ 22

*Averment:* This Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

*Answer:* Target denies the averments in paragraph 22.

**V. Jury Trial Demand**

¶ 32[1]

*Averment:* Plaintiff demands trial by jury on all issues so triable.

*Answer:* Paragraph 32 contains no factual averment to which a responsive pleading is required.

---

[1] The complaint does not contain any paragraph numbered 23–31.

-7-

## SECOND DEFENSE
## FAILURE TO STATE A CLAIM

33. The complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE
## JOINT ACCOUNT

34. The Plaintiff and her daughter, Krysty Werner, jointly applied for and opened the subject credit-card account.

35. Target's file on the account contains an application that both the Plaintiff and her daughter signed.

36. The Plaintiff is jointly liable with her daughter for purchases charged to their joint account.

## FOURTH DEFENSE
## COMPLIANCE

37. With respect to the Plaintiff's dispute with regard to the completeness or accuracy of information that Target furnished to a consumer reporting agency, Target—

(a) conducted an investigation with respect to the disputed information;

(b) reviewed all relevant information provided by the consumer reporting agency pursuant to the Fair Credit Reporting Act;

(c) reported the results of the investigation to the consumer reporting agency;

(d) if the investigation found that the information was incomplete or inaccurate, reported those results to all other consumer reporting agencies to which Target had directly furnished the information and that compile and maintain files on consumers on a nationwide basis; and

(e) if any item of information disputed by the Plaintiff was found to be inaccurate or incomplete or could not be verified after reinvestigation, Target promptly

modified, deleted, or permanently blocked the reporting of that item of information.

38. Target not only reviewed all relevant information provided by the consumer reporting agency pursuant to the Fair Credit Reporting Act, but it also reviewed all the information in its own account file.

39. Target's file on the account contains an application that both the Plaintiff and her daughter signed.

40. During the investigation that Target conducted with respect to the disputed information, there was no information provided to Target by any consumer reporting agency, by the Plaintiff, or from any other source, that Target did not review.

41. The results that Target reported to the consumer reporting agency in response to the Plaintiff's notice of dispute were based on, and consistent with, all the information available to Target at the time of its response.

42. Target acted reasonably and in full compliance with the law.

43. No action by Target can support liability to the Plaintiff under her alleged claims.

### FIFTH DEFENSE
### FAILURE TO MITIGATE

44. The Plaintiff failed to furnish documentation or other information to Target from which a reasonable investigation would have concluded that the subject account was fraudulently opened.

### SIXTH DEFENSE
### INDISPENSABLE PARTY NOT JOINED

45. The Plaintiff's daughter, Krysty Werner, is not a Party to this action.

46. Krysty Werner is subject to service of process.

47. Joinder of Krysty Werner will not deprive this Court of subject-matter jurisdiction.

48. This Court cannot accord complete relief among the existing Parties in the absence of Krysty Werner.

49. The complaint fails to comply with Rule 19(c).

### SEVENTH DEFENSE
### NO PRIVATE RIGHT OF ACTION

50. Enforcement of 15 U.S.C. § 1681s-2(a) can occur only in an action brought by "the chief law enforcement officer of a State, or an official or agency designated by a State."

### EIGHTH DEFENSE
### STATUTE OF LIMITATION

51. The applicable statute of limitation or repose may bar the Plaintiff's claims.

### PRAYER FOR RELIEF

Wherefore Target respectfully prays for a judgment in its favor, for its costs and disbursements herein, and for such other and further relief as may be just and equitable.

### DEMAND FOR JURY TRIAL

Target demands a jury trial on all the issues so triable.

Dated:   August 12, 2008

MANNING & MARDER
KASS, ELLROD, RAMIREZ LLP

By: _____
EUGENE J. EGAN
WILLIAM L. BOWEN
Attorneys for Defendants
TARGET NATIONAL BANK